```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ABBY R. SIMPSON ET AL.,                                           :
                                                                  :
                              Plaintiffs,                         :
                                                                  :     23-CV-1436 (JMF)
                   -v-                                            :
                                                                  :     MEMORANDUM OPINION
PACIFIC INDEMNITY COMPANY,                                        :         AND ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiffs Abby R. Simpson and G. Todd Myland sue their former insurer, Defendant Pacific Indemnity Company ("Pacific"), for breach of contract based on Pacific's alleged failure to "fully indemnify Plaintiffs for all of the damages" their "Museum quality residence" in New York City sustained as a result of a March 2015 fire. ECF No. 20 ("SAC"), ¶¶ 1-3, 8-16, 52. Of particular significance, the parties dispute whether Plaintiffs are entitled to coverage of costs incurred as a result of replacing canvas walls throughout the residence, which they contend were "irreparably damaged" by "the extensive soot and smoke condition within the subject apartment resulting from the fire." *Id.* ¶¶ 23-26. Pacific now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint. ECF No. 21. It argues that the canvas-wall-related portion of Plaintiffs' claim is time barred and that the remaining portion fails to state a claim for breach of contract. *See* ECF No. 22 ("Def.'s Mem.").

Pacific's motion can be swiftly rejected. First, it is well established that a pre-answer motion to dismiss on timeliness grounds "may be granted *only* if it is clear on the face of the complaint that the statute of limitations has run." *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (emphasis added) (internal quotation marks

omitted); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."). That is not the case here, as the Second Amended Complaint alleges that Pacific "did not issue a formal denial letter" with respect to the canvas wall damage," SAC ¶ 26, and that their claim accrued on or about December 20, 2022, when Pacific "refused to further extend the Policy's terms and conditions, thereby effectively denying the balance of Plaintiffs' claim," *id.* ¶ 53. Meanwhile, Pacific's arguments for dismissal rely upon extrinsic evidence that is neither referenced in nor integral to the Second Amended Complaint, namely communications between the parties that addressed coverage of the canvas wall damages. *See* Def.'s Mem. 5-7, 13-14; *see also* ECF No. 23-3 ("Ex. B"); ECF No. 23-4 ("Ex. C"); ECF No. 23-5 ("Ex. D"); ECF No. 23-6 ("Ex. E").

Pacific argues that the Court can consider these communications, *see* Def.'s Mem. 5-6 n.3, but its argument is without merit. A district court may consider only "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (cleaned up). The communications at issue here do not fall into any of these categories, as the Second Amended Complaint does not "make a clear, definite, and substantial reference" to them, *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corrections and Community Supervision*, No. 18-CV-8497 (KMK), 2022 WL 902933, at *2 (S.D.N.Y. Mar. 28, 2022), *aff'd in part and vacated in part on other grounds*, No. 22-1375, 2024 WL 442454 (2d Cir. Feb. 6, 2024), and Plaintiffs did not rely on "the terms and effect[s]" of them "in drafting" the Second Amended Complaint, *Chambers*, 282 F.3d at 153. Pacific

contends that "[w]here, as here, the dispute centers on a denial of coverage, the insurer's 'letter disclaiming coverage' is integral to the complaint," Def.'s Mem. 5-6 n.3, but the authority it cites undermines, rather than supports, this contention, *see Pearson Cap. Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 402 (S.D.N.Y. 2015) (declining to consider two letters disclaiming coverage because they were "not incorporated by reference or otherwise mentioned in the Complaint" and not relied upon by the plaintiffs in drafting the Complaint).[1]  Accordingly, Pacific's motion to dismiss Plaintiffs' claim as time barred must be and is rejected.[2]

The other aspect of Pacific's motion — that Plaintiffs fail to state a breach claim to the extent they seek relief beyond the costs incurred with respect to the canvas walls, *see* Def.'s Mem. 21-22 — also falls short.  First, Pacific is wrong in arguing that the lack of communication "specifically disclaiming coverage" as to the non-canvas-related portion of the claim renders Plaintiffs' claim deficient as a matter of law.  *Id.* at 22 (cleaned up).  Instead, "[t]he denial of coverage can be made just as effectively by the *acts of the insurer*." *In re Taub*, 31 A.D.2d 378, 382 (N.Y. App. Div. 1st Dep't 1969) (emphasis added); *see, e.g.*, *No Hero Enterprises B.V. v.*

---

[1] The other two cases cited by Pacific — *Maniello v. State Farm Fire & Casualty Co.*, No. 16-CV-1598 (NG)(LB), 2017 WL 496069 (E.D.N.Y. Feb. 6, 2017), and *Gassiott v. Prudential Insurance Co. of America*, No. 08-CV-7358 (JFK), 2009 WL 3188428 (S.D.N.Y. Oct. 6, 2009) — are no more helpful.  In *Maniello*, the complaint "refer[red] to" and "relie[d] heavily on the terms and effects" of the letter disclaiming coverage.  2017 WL 496069, at *2.  Moreover, it was *the plaintiff* who asked the Court to consider the letter and, unlike here, there was "no material disputed issue of fact regarding [the letter's] relevance." *Id.*  In *Gassiott*, the insurance company's denial letters "were in Plaintiff and/or his attorney's possession *and explicitly referenced in the Complaint*."  2009 WL 3188428, at *2.

[2] In light of that conclusion, the Court need not and does not resolve the parties' disputes with respect to whether Pacific's agreements to extend the terms and conditions of the policy also extended the applicable limitations period, *compare* Def.'s Mem. 15-16, *with* ECF No. 27 ("Pls.' Opp'n"), at 12-15; Plaintiffs' waiver and equitable estoppel arguments, *compare* Def.'s Mem. 15-21, *with* Pls.' Opp'n 12-17; and whether the other exhibits submitted by Pacific can be considered on under Rule 12(b)(6), *compare* Def.'s Mem. 4-8 nn.1-4, *with* Pls.' Opp'n 7-8.

*Loretta Howard Gallery Inc.*, No. 13-CV-8464 (GHW), 2014 WL 10936545, at *2 (S.D.N.Y. May 28, 2014) ("There are circumstances under which an insurer can breach the claim processing provisions of an insurance contract before denying the disputed claim."); *Continental Cas. Co. v. Stronghold Ins. Co., Ltd.*, 866 F. Supp. 143, 145 (S.D.N.Y. 1994) (noting that breach of an insurance policy merely means that "an insurer declines to pay a covered loss for which the insured has requested payment").  Second, Plaintiffs' allegations with respect to the "additional components" of their claim, SAC ¶ 44 — for example, that Pacific breached the contract by refusing to pay for "brass light fixtures, rugs, miscellaneous personal property including electronics, various leather goods, a media cabinet, conservation fees, construction administration and supervision fees, packing and moving fees, accounting and service fees, inspection and installation fees, licensing fees," on top of "the aforementioned canvas," *id.* ¶ 53 — are sufficient under Rule 8 of the Federal Rules of Civil Procedure.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, in light of the fact that the Court has denied Pacific's motion to dismiss Plaintiffs' claim with respect to the canvas walls, there is no need at this time to decide whether the "additional components" are, in fact, "'domino effect' expenses incurred as a result of [Plaintiffs'] decision to recanvas," as Pacific argues.  Def.'s Mem. 22.

       For the foregoing reasons, Pacific's motion to dismiss is DENIED in its entirety.  Unless and until the Court orders otherwise, Pacific shall file its Answer within **two weeks** of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference is hereby reinstated and RESCHEDULED for **March 27, 2024**, at 9:00 a.m.  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties

are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 4.

The Clerk of Court is directed to terminate ECF No. 21.

SO ORDERED.

Dated: February 29, 2024
New York, New York

                              JESSE M. FURMAN
                              United States District Judge